DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, overruling appellant's motion to suppress. We conclude the trial court's decision was appropriate given the evidence before it. Therefore, we affirm the judgment.
{¶ 2} Appellant, Donald Browning III, became the principal suspect in the investigation of two stolen automobiles after officers received information that he may be connected with the theft. Officers discovered bloodstains in both of the vehicles and took samples in an effort to match them with the thief.
{¶ 3} Fulton County officers heard that appellant was located at the residence of his periodic girlfriend, Amber Feeny. When questioned, Feeny denied that appellant was in her home and refused to allow the officers to enter. Officers later acquired a search warrant to obtain from appellant a buccal swab; an order to take a sample from the inside cheek or mouth cavity in an effort to match appellant's DNA to the bloodstains found on the vehicles. The search warrant contained Feeny's address as where to locate the appellant.
{¶ 4} Again, officers received a tip that appellant was indeed located at Feeny's residence. Two officers traveled to the dwelling; one of the officers walked to the backdoor and Lieutenant Miller walked up to the front porch. From this point, there is a discrepancy in reports as to exactly what ensued.
{¶ 5} Lieutenant Roy Miller and Amber Feeny were the only witnesses at the suppression hearing. Miller testified that when he arrived at Feeney's home the front door was open two or three inches. According to Miller, he put his hand on the door and said, "This is Roy Miller, is Don Browning here?" Miller reported that the door opened further on its own, and appellant came to the door and said "How you doing Roy?" The officer responded, "I got a search warrant for you, you got a minute I can talk to you?" Appellant allowed the officer in Feeny's home and the two sat down at the coffee table. Following a brief discussion inside the residence, Miller took a swab of DNA from appellant and left.
{¶ 6} Feeny recalls the event differently. Feeny testified that the officer said nothing when he reached the front door. Feeny acknowledged that the deadbolt to her front door was broken, but insisted that the door would stay closed on its own and, on that day, the door was completely shut. According to Feeny, Miller opened the door and let himself into the residence.
{¶ 7} Following the suppression hearing, the trial court denied appellant's motion to suppress. After the decision, appellant withdrew his not guilty plea and pled guilty to a single count of grand theft. The trial court accepted appellant's plea and sentenced him to 14 months imprisonment. From the judgment, appellant now brings this appeal.
{¶ 8} Appellant sets forth the following a single assignment of error: "The trial court improperly denied the [appellant's] motion to suppress."
{¶ 9} In his sole assignment of error, appellant insists that Lieutenant Miller violated his Fourth Amendment right against unreasonable searches and seizures and his statutory right under R.C. 2935.12. Appellant asserts that in executing a search warrant, officers are required to comply with R.C. 2935.12, the "knock and announce" statute that requires officers to knock on the door and identify themselves before entering premises. Failure to comply can result in the suppression of the product of the search. Suppression of evidence, however, is a remedy only when one's rights are violated by the search. R.C. 2935.12.
{¶ 10} Appellant did not contest the validity of the warrant for a DNA sample. He only objects to the manner of Lieutenant Miller's entry into Amber Feeny's home.
{¶ 11} Feeny testified that appellant resided with his mother and had not lived with her for more that a year and one-half. Appellant, therefore, was merely a guest in Feeny's home. Absent residential status, appellant lacks standing to assert any violation, since Fourth Amendment rights are personal. Aldermanv. United States, (1969), 394 U.S. 165, 171. "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." Id.
at 171-172. See also State v. Wac, (1981) 68 Ohio St.2d 84, 88.
{¶ 12} No violation of appellant's Fourth Amendment rights occurred when the officer entered the dwelling of appellant's host and obtained his DNA sample. Consequently, the trial court committed no error in denying his motion to suppress. Accordingly, appellant's sole assignment of error is not well-taken.
{¶ 13} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Fulton County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Skow, J. concur.